## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RITA EASTON,
              Appellant,

              v.

DEPARTMENT OF THE TREASURY,
              Agency.

DOCKET NUMBER
DC-1221-13-0174-W-2

DATE: August 29, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rita Easton, Washington, D.C., pro se.

Byron D. Smalley, Esquire, and Felix M. Digilov, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for failure to prosecute. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2     The appellant filed her appeal in December 2012. MSPB Docket No. DC-1221-13-0174-W-1 (W-1), Initial Appeal File (IAF), Tab 1. In January 2013, the administrative judge ordered the appellant to file a statement within 10 calendar days concerning whether her appeal was within the Board's jurisdiction. W-1, IAF, Tab 7 at 5-6. The appellant did not respond. The agency filed a motion to compel discovery in February 2013 because the appellant failed to respond to discovery and failed to attend a scheduled deposition. W-1, IAF, Tab 8 at 4-5. Later in February 2013, the administrative judge dismissed the appeal without prejudice pending the effect of new legislation on the appeal.[2] W-1, IAF, Tab 9. The Board refiled the appeal in September 2013. MSPB Docket No. DC-1221-13-0174-W-2 (W-2), Initial Appeal File (IAF), Tab 2. On March 11, 2014, the administrative judge ordered the appellant to file a statement concerning the issue of Board jurisdiction on or before March 14, 2014. W-2,

---

[2] The Board had directed administrative judges to dismiss pending individual right of action appeals without prejudice that might have been impacted by the Whistleblower Protection Enhancement Act of 2012 (WPEA) until the issue of retroactivity was decided. W-1, IAF, Tab 9.

IAF, Tab 3 at 7-8. The appellant did not respond. On March 28, 2014, the administrative judge again ordered the appellant to file a response to the jurisdiction question and gave the appellant 5 days to respond. W-2, IAF, Tab 4. The administrative judge warned the appellant that failure to comply with the terms of his order could result in the imposition of sanctions, including dismissal of the appeal. *Id*. The appellant still did not respond. On April 4, 2014, the administrative judge dismissed the appeal for failure to prosecute, finding that the appellant had failed to exercise basic due diligence by her repeated failure to respond to Board orders. W-2, IAF, Tab 5 at 3.

¶3        On petition for review, the appellant admits that she received the March 11, 2014 jurisdiction order. Petition for Review (PFR) File, Tab 1 at 4. She also presents several arguments in her petition, including that the agency has failed to respond to some of her allegations and failed to comply with Board orders and timelines. *See id*. at 1-2. The appellant argues that her appeal should not be dismissed because of the agency's failure to timely respond and address all of her allegations. *Id*. at 6. The appellant also presents arguments concerning the validity of the administrative judge's signature on several of the orders and states that she was entitled to a status conference with respect to her case. *Id*. at 2-6. Finally, the appellant argues that her appeal should not have been dismissed without prejudice because the WPEA is not applicable to her case.[3] *Id*. at 3, 6.

¶4        The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 7 (2011) (citing *Ahlberg v. Department of Health & Human Services*, 804 F.2d 1238, 1242 (Fed. Cir. 1986); 5 C.F.R. § 1201.43(b)). Although the Board's regulation, 5 C.F.R. § 1201.43(b), does not set forth guidelines for exercising this authority, the Board has held, in pertinent part, that

---

[3] We note that the appellant did not file a petition for review of the initial decision dismissing her initial appeal without prejudice. That decision to dismiss that appeal is not before the Board at this time.

such a severe sanction is only appropriate when necessary to serve the ends of justice, and should only be imposed when a party: (1) has failed to exercise due diligence in complying with Board orders; or (2) has exhibited negligence or bad faith in its efforts to comply. *Williams*, 116 M.S.P.R. 377, ¶ 7. Furthermore, absent a showing of abuse of discretion, the Board will not reverse an administrative judge's imposition of sanctions. *Id*.

¶5    It is undisputed that the appellant failed to respond to the administrative judge's jurisdictional orders. None of the appellant's evidence or argument on review demonstrates that she exercised due diligence in the proceedings below. Therefore, we find no abuse of discretion in the administrative judge's decision to impose sanctions under 5 C.F.R. § 1201.43(b). *See Williams*, 116 M.S.P.R. 377, ¶¶ 9-12 (dismissal for failure to prosecute was appropriate where the appellant failed to respond to multiple Board orders). Accordingly, the appellant has shown no basis upon which to disturb the initial decision dismissing her appeal for failure to prosecute.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you

may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.